IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARREN D. COLEMAN,** | : | CIVIL ACTION NO. 1:15-CV-847 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN E. WETZEL,** *et al.*, | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 9th day of February, 2017, upon consideration of the report (Doc. 42) of Magistrate Judge Karoline Mehalchick, recommending the court deny the motion (Doc. 34) to dismiss filed by supervisory defendants John E. Wetzel, Jon D. Fisher, and Mandy Biser, wherein Judge Mehalchick opines that plaintiff Darren D. Coleman ("Coleman") pleads sufficient facts to support his failure to train claim against the supervisory defendants, to wit: that said defendants were deliberately indifferent to the need to train or supervise their corrections officers with respect to appropriate procedures for responding to and protecting inmates from known threats of inmate violence, (see Doc. 42 at 6-9), that the right to be protected from such threats is clearly established within the Third Circuit Court of Appeals and our sister circuits, thus precluding a finding of qualified immunity, (id. at 9-13 (collecting cases)), and that the complaint permits an inference that the failure to train corrections officers to guard against such threats was the "moving force" behind Coleman's injury, (id. at 13), and the court noting that the supervisory defendants filed objections (Doc. 43) to the

report, see FED. R. CIV. P. 72(b)(2), and Coleman filed a response (Doc. 45) thereto, and, following a *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court finding Judge Mehalchick's analysis to be thorough, well-reasoned, and fully supported by the record, and finding the supervisory defendants' objections (Doc. 43) to be without merit and squarely addressed by the report,[1] it is hereby ORDERED that:

1. The report (Doc. 42) of Magistrate Judge Mehalchick is ADOPTED.

---

[1] Defendants suggest that Judge Mehalchick failed to frame the contours of the constitutional right at issue with sufficient precision in her qualified immunity analysis. (See Doc. 44 at 6-11). Defendants (correctly) observe that the Supreme Court's *per curiam* opinion in Taylor v. Barkes, 575 U.S. __, 135 S. Ct. 2042 (2015), provides a cautionary tale for courts who frame constitutional rights at too high a level of abstraction. (See Doc. 44 at 9-10). In Taylor, the Court reversed a court of appeals' decision extracting from the Eighth Amendment deliberate indifference standard an affirmative requirement that prison administrators implement "suicide screening or prevention protocols." Taylor, 135 S. Ct. at 2044. The Court observed that, although precedent established that prison officials may not act with "reckless indifference" to known risks of prisoner suicide, no precedent clearly established that officials must actively screen inmates for such vulnerabilities. Id. at 2044-45. In other words, Taylor distinguishes the clearly established right to protection against *known* threats from the yet unclear right to have *potential* threats identified. See id.
   Contrary to defendants' suggestion, Judge Mehalchick's analysis accords with the guidance of Taylor. Judge Mehalchick does not rely ambiguously on generic Eighth Amendment standards of care—rather, she collects precedent distinctly establishing that prison officials must protect inmates from known risks to their physical safety. (See Doc. 42 at 9-13). Her conclusion that defendants *sub judice* had a duty to train corrections officers consonant to that right aligns squarely with Taylor. We thus reject defendants' qualified immunity arguments for a second time at this Rule 12(b)(6) stage. (Doc. 25 at 2 ¶ 2). We note, however, that our rejection of defendants' qualified immunity argument is without prejudice to defendants' right to reassert the defense if appropriate following discovery.

2.  Defendants' motion (Doc. 34) to dismiss is DENIED.

3.  This matter is REMANDED to Magistrate Judge Mehalchick for further proceedings.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania